### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY DICKENSON, | ) |
|       Plaintiff, | ) |
| -vs- | )    Case No. CIV-20-0673-F |
| EPES TRANSPORT SYSTEM, LLC, a foreign for-profit corporation, and JOHN DOE, an individual, | ) |
|       Defendants. | ) |

## ORDER

The court has a duty to determine its jurisdiction. <u>Tuck v. United States Automobile Assoc.</u>, 859 F.2d 842 (10th Cir. 1988).

One of the parties in this action is a limited liability company, EPES Transport System, LLC (EPES), the removing defendant. EPES's notice of removal states that "no member of Defendant EPES is a citizen of the State of Oklahoma." Doc. no. 1. That averment, however, is not sufficient for diversity purposes.

Although the notice of removal does not identify the members of EPES, EPES has now filed a disclosure statement which identifies Pensky Logistics, Inc. as the sole member of EPES. Doc. no. 5. The disclosure statement gets EPES half-way there. Only half-way, because neither the notice of removal nor the disclosure statement identify where Pensky Logistics, Inc. is incorporated or has its principal place of business. Moreover, these specific states must be identified. It is not sufficient to simply state that Pensky Logistics, Inc. is incorporated in, and has its

principal place of business in, states other than Oklahoma (the state of plaintiff's citizenship.)[1]

Accordingly, EPES, as the party invoking the court's jurisdiction, is **DIRECTED** to file an amended notice of removal which identifies Pensky Logistics, Inc. as the sole member of EPES, and which identifies the specific states in which Pensky Logistics, Inc. is incorporated and has its principal place of business—information which will then determine the states in which EPES is deemed a citizen for purposes of diversity.  The amended notice of removal is **DUE** within fourteen days from the date of this order.  Failure to comply may result in this case being dismissed without prejudice or remanded.

IT IS SO ORDERED this 16th day of July, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0673p001.docx

---

[1] *See*, Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state other than the State of New York is "clearly insufficient to establish diversity jurisdiction").